

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Lloyd G. Bouldin
County Attorney
Palo Pinto County
Mineral Wells, Texas

Dear Sir:

Opinion No. O-6082
Re: Who has the authority in
behalf of the State of Texas
to give written consent for
the sale of property under
tax judgments for less than
the adjudged value, or the
amount of the judgment?

We have your letter of June 24, 1944, in which you
state as follows:

"The County Judge of Palo Pinto County, Texas,
has requested that I write you for an opinion in
regard to Section 9, of Article 7345-B, relating to
the collection of delinquent taxes. Said section of
said article reads as follows:

"'and such property shall not be sold by
the taxing unit purchasing same for less
than the adjudged value thereof, or the
amount of the judgments against the prop-
erty in said suit, whichever is lower,
without the written consent of all taxing
units which in said judgment have been
found to have tax liens against such prop-
erty.'

"Said section of said article further provides:

"'Consent in behalf of the State of Texas under this Section of this Act may be given by the County Tax Collector of the county in which the property is located.'

"Heretofore the collection of state and county taxes have been generally regarded to be in control of the Commissioners Court. In this connection I call your attention to Article 7345d which provides the commissioners court is given power to correct mistakes and reopen original assessments. The County Judge requests your opinion as to whether said consent for the sale of said property for less than the adjudged value thereof, or the amount of the judgments, must be given by the County Tax Collector of the county in which the property is located, or is this merely directory, and does the Commissioners Court likewise have power to give such consent in writing in behalf of the State of Texas? Or in other words is the Tax Collector the only one authorized in behalf of the State of Texas to give said written consent for the sale of property under tax judgments for less than the adjudged value thereof, or the amount of the judgment

"In other words, if the Commissioners Court of the county enters its judgment in writing consenting and agreeing to a sale for less than the adjudged amount, is it mandatory to also get the written consent of the Tax Collector in behalf of the State? The fact that the statute used the word 'may' indicates to my mind that this clause thereof is directory. However, Article 7345b also says that in case of conflict between this statute and any other the provision of this article shall control.

"Since tax titles may rest upon a proper construction of the question here involved I would appreciate your opinion on this question at your earliest convenience."

Honorable Lloyd C. Bouldin, Page 3

We have carefully reviewed the statutes governing the collection of delinquent taxes and conclude that the County Tax Collector is the only person authorized to give the State's consent under the statute in question.

Article 7345d gives the Commissioners Court the power to reopen and lower inequitable or confiscatory assessments "upon the application of the owner thereof or his duly authorized agent." In your case, ownership has passed to the taxing unit purchaser for the benefit of all taxing units involved, subject to the right of redemption, and a change in assessment is not involved. Hence, Article 7345d is not applicable here.

Article 7345b, Section 9, in substance provides that property may be bought in at tax sale by one taxing unit for the benefit of itself and all other taxing units which are parties to the suit; that such purchasing unit shall not sell said property below the adjudged value or the total amount of the judgment, whichever is lower, without the written consent of all of said taxing units; and that consent in behalf of the State "may be given by the County Tax Collector . . ."

We find nothing in the statutes that would indicate that this act of discretion may be done by any official other than the specific official designated in the statute. The various duties connected with collection of delinquent taxes are distributed by our statutes among various officials, including the Commissioners Court, the Sheriff, the County Attorney, the County Clerk, the State Comptroller and the Attorney General. However, the specific duty of giving the State's consent in the foregoing tax situation is assigned by statute to the County Tax Collector.

We think the designation of the County Tax Collector in the statute makes him the only person authorized to give said consent in behalf of the State. In support of our conclusion, see Wichita Electric Co. v. Hinckley, 131 S. W. 1192.

If the State through its designated agent, or any other taxing unit refuses to give the consent in question, the

Honorable Lloyd C. Bouldin, Page 4

sale cannot legally be made under the plain language of the statute. In this situation, the second paragraph of Section 9, Article 7345b, affords the remedy after a certain period of time, by requiring the sheriff, upon written request from any taxing unit involved, to sell the property at public auction.

Yours very truly

ATTORNEY GENERAL OF TEXAS

OVERRULED 21 1944

*Grover Sellers*

ATTORNEY GENERAL OF TEXAS

By *J. Arthur Sandlin*

J. Arthur Sandlin
Assistant

JAS:fo

APPROVED
OPINION
COMMITTEE
BY ___